**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2011

No. 11-50163
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BENIGNO BARNETH-ALANIZ,

Defendant - Appellant

-----------------------------------------
Consolidated with 11-50164
-----------------------------------------

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENIGNO BARNETH-ALANIZ, also known as Benigno Barnett-Alaniz,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-3063-1
USDC No. 3:10-CR-2426-1

No. 11-50163
c/w No. 11-50164

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Benigno Barneth-Alaniz pleaded guilty to illegal reentry. The district court sentenced him to a term of 21 months, at the bottom of the advisory range. The court also revoked a prior term of supervised release and imposed a 12-month sentence, again at the bottom of the applicable range, ordering it to run consecutively to the illegal reentry sentence. Barneth-Alaniz appeals, arguing that his sentences were excessive. We affirm.

Barneth-Alaniz raises several issues he concedes (and we agree) are foreclosed: (1) that the presumption of reasonableness does not apply because § 2L1.2 of the Sentencing Guidelines is flawed, s*ee United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009); (2) that the lack of a fast-track program in the Western District of Texas results in an unwarranted sentencing disparity, *see United States v. Gomez-Herrera*, 523 F.3d 554, 562-64 (5th Cir. 2008); and (3) that sentences on revocation of supervised release should not be reviewed under the "plainly unreasonable" standard, *see United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), *cert. denied*, __ S. Ct. __, 2011 WL 2148772 (2011) (No. 10-10784).

Turning to the issues that are not foreclosed, we note that Barneth-Alaniz's sentence of 21 months is entitled to a presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The district court was not required to accept his explanation that he crossed the border accidentally, especially in light of his numerous prior illegal reentries. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (district judge determines credibility). The district court also was not required to give any weight to Barneth-Alaniz's arguments,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), that § 2L1.2 was not empirically based. *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009). Further, the "double-counting" that results from the use of a prior conviction to determine both the offense level under § 2L1.2 and the criminal history score does not, by itself, render a sentence unreasonable. *See id.* In short, Barneth-Alaniz has failed to overcome the presumption that his within-guidelines sentence was reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

Barneth-Alaniz next argues that, even if the 21-month sentence was not unreasonable, the additional 12-month consecutive revocation sentence rendered his punishment excessive. He contends that the revocation Guidelines seek to punish a breach of trust, and that his breach was not serious because he simply returned to the United States under understandable circumstances. Under the applicable standard of review, *see Miller*, 634 F.3d at 843, Barneth-Alaniz has failed to show that the 12-month revocation sentence imposed consecutively was plainly unreasonable. *See United States v. Ramirez*, 264 F. App'x 454, 458-59 (5th Cir. 2008) (citing cases).

AFFIRMED.